IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| THOMAS EARL SMITH | § | |
| VS. | § | CIVIL ACTION NO. 9:23-cv-121 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Thomas Earl Smith, an inmate confined at the Ellis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this Petition for Writ of Mandamus.

Discussion

Petitioner submitted this Petition for Writ of Mandamus challenging the execution of his sentence. Petitioner seeks to be transferred to federal custody to start the service of a federal conviction instead of first serving the sentence for his state conviction. Petitioner contends that state officials' failure to return him to the custody of the United States Marshal's Service following his conviction and sentencing in state court constitutes multiple constitutional violations under the Fourth, Fifth, Eighth, and Ninth Amendments. Interpreted liberally, Petitioner's Petition is construed as a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241.

Analysis

Title 28 U.S.C. § 2241(a) provides that "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76,

78 (5th Cir. 1990). A § 2241 Petition must be filed in the district where the Petitioner is incarcerated. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999). Thus, only the district court where the Petitioner is confined at the time the Petition is filed has jurisdiction to entertain the § 2241 Petition. *Id.*

Petitioner was confined at the Ellis Unit located in Huntsville, Texas when he filed this Petition, where he remains. The city of Huntsville is located in Walker County, Texas. Pursuant to 28 U.S.C. § 124, Walker County, Texas is located within the jurisdictional boundaries of the United States District Court for the Southern District of Texas, Houston Division. As Petitioner is not incarcerated in the Eastern District of Texas, this court is without jurisdiction to consider Petitioner's Petition for Writ of Habeas Corpus, and subject-matter jurisdiction cannot be waived. *See DeCell & Assocs. v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

After considering the circumstances, the court has determined that the interests of justice would best be served if this Petition were transferred to the district in which the Petitioner is confined rather than dismissed the case for lack of jurisdiction. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

SIGNED this 26th day of July, 2023.

Zack Hawthorn
United States Magistrate Judge